IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| DONALD H. PEDERSEN and ) | |
| MARCEE N. PEDERSEN, ) | |
| ) | CASE NO. BK10-83133-TJM |
| Debtor(s). ) | A11-8009-TJM |
| JAMES W. HUNTINGTON and TONY C. ) | |
| CLARK, individually and on behalf of the ) | |
| shareholders of PROFESSIONAL ) | |
| MANAGEMENT MIDWEST, INC., a ) | |
| Nebraska corporation, ) | |
| ) | |
| Plaintiffs, ) | CHAPTER 11 |
| ) | |
| vs. ) | |
| ) | |
| DONALD H. PEDERSEN; MARCEE N. ) | |
| PEDERSEN; PRACTICE BUSINESS ) | |
| CONSULTANTS, LLC; PROFESSIONAL ) | |
| PRACTICE HEALTHCARE BILLING, LLC; ) | |
| and PROFESSIONAL PRACTICE ) | |
| CONSULTANTS, LLC, ) | |
| ) | |
| Defendants. ) | |

ORDER

Hearing was held in Omaha, Nebraska, on March 28, 2011, on the debtor-defendants' motion for more definite statement and to dismiss for lack of subject matter jurisdiction (Fil. No. 4) and resistance by the plaintiffs (Fil. No. 6). Kathryn J. Derr appeared for the debtors, and Theodore R. Boecker, Jr., appeared for the plaintiffs.

The motion is granted in part.

Plaintiffs James Huntington and Tony Clark and debtor-defendant Donald Pedersen are the shareholders of Professional Management Midwest, Inc. ("PMM"). Mr. Pedersen served as president of the company, with control over the books, records, and daily affairs of the company. The debtor-defendant Marcee Pedersen was employed by the company. The debtors allegedly usurped corporate opportunities; breached their duties to PMM; terminated an office lease agreement, leaving Messrs. Huntington and Clark liable on their personal guarantees of the lease; and started a new business to compete with PMM, using equipment, supplies, and personnel of PMM.

This adversary proceeding was initiated by a complaint to determine dischargeability under 11 U.S.C. § 523, for a money judgment, and for declaratory relief. The complaint contains detailed allegations of wrongdoing by the debtors, which can be categorized broadly and non-exclusively in terms of breach of fiduciary duty, breach of contract, fraud, embezzlement, conversion, breach of good faith and fair dealing, and unjust enrichment. The complaint cites § 523(a)(2)(A), (a)(4), and (a)(6) as the bases for a determination of non-dischargeability, but does not ascribe any particular allegations to those statutory provisions.

The debtors move for dismissal of causes of action against the non-debtor defendants for lack of subject matter jurisdiction, and for an order requiring the plaintiffs to frame their complaint in accordance with the pleading standards in the Federal Rules of Civil Procedure.

Federal procedural rules require a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008(a). When fraud is alleged, the plaintiff must state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009. The court accepts "as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008).

If the complaint provides the adverse party enough information for that party to be apprised of the claim against him and names the specific actions upon which a plaintiff relies to prove up the fraud, the pleading is sufficient. Lebedun v. Throneberry (In re Throneberry), 423 B.R. 765, 769 (Bankr. E.D. Mo. 2010) (citing Sec. & Exch. Comm'n v. Tiffany Indus., Inc., 535 F. Supp. 1160, 1166 (E.D. Mo. 1982)).

The debtors seem to be most concerned about the lack of statutory citations to the specific subsections of § 523 under which the plaintiffs are proceeding. The plaintiffs should eventually file an amended complaint that gives the debtors a better idea of what allegations are connected to which cause of action and whether non-dischargeability is sought under any subsections other than § 523(a)(2)(A), (a)(4), and (a)(6).

The debtors also seek to have causes of action against non-debtor defendants dismissed. The non-debtor defendants are entities created by the debtors, the creation of which forms the substance of many of the plaintiffs' allegations. The debtor are the sole owners of these entities.

Because this case is a dispute involving issues of state law, the question arises as to whether this court may exercise jurisdiction over it. The bankruptcy court's subject-matter jurisdiction flows from 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). As set forth in 28 U.S.C. § 1334(a) and (b), bankruptcy courts (through the district courts) have exclusive jurisdiction over all cases under title 11, and original but not exclusive jurisdiction over all core proceedings arising under title 11 or arising in or related to a case under title 11. The only core proceedings here are the non-dischargeability claims. In addition, § 1334(c)(1) permits a court to abstain from hearing a particular proceeding, in favor of the state courts: "[N]othing in this section prevents a district court in the

interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

In deciding whether permissive abstention under § 1334(c)(1) is appropriate, courts consider the following factors:

(1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficult or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than the form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden on the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial; and

(12) the presence in the proceeding of non-debtor parties.

Stabler v. Beyers (In re Stabler), 418 B.R. 764, 769 (B.A.P. 8th Cir. 2009) (citing Williams v. Citifinancial Mortgage Co. (In re Williams), 256 B.R. 885, 893-94 (B.A.P. 8th Cir. 2001) and In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co., 6 F.3d 1184, 1189 (7th Cir. 1993) ("Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative.")).

The majority of these factors favor abstention. As noted above, most of the allegations in the complaint pertain to state law causes of action. There already is a lawsuit on file in the District Court of Douglas County, Nebraska, involving the same parties and containing the same allegations, but

for the dischargeability issue. The state court, unlike this court, has jurisdiction over all of the defendants and is able to fashion remedies that this court could not. The only matter that really needs to be before the bankruptcy court is the determination of dischargeability under § 523(a)(2), (a)(4), and (a)(6). The rest can be handled by the state court. For that reason, this court will abstain from hearing the issues other than dischargeability.

This case will be stayed while the parties liquidate their claims in the Douglas County District Court. After resolution of the state court case, this court will determine dischargeability, if necessary. The plaintiffs will be directed to file an amended complaint at that time. In the meantime, the parties should file joint status reports beginning October 1, 2011, and every six months thereafter.

IT IS ORDERED: The debtor-defendants' motion for more definite statement and to dismiss for lack of subject matter jurisdiction (Fil. No. 4) is granted to the extent that this court will abstain from hearing and determining the state law issues and will deal only with the issues of dischargeability. The adversary proceeding is stayed pending the resolution of the state court lawsuit. The parties should file joint status reports beginning on October 1, 2011, and every six months thereafter. Relief from the automatic stay is hereby granted to the parties to pursue the state court litigation and liquidate the claim.

DATED:   April 5, 2011

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
   *Kathryn J. Derr
   Theodore R. Boecker, Jr.,
   U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.